[Civ. No. 24225.   Second Dist., Div. Two.   May 19, 1960.]

WARREN J. SPIVEY, Appellant, v. FABRICATED STEEL SERVICE, INC. (a Corporation), Respondent.

Robert J. Schmorleitz and Edward J. Skelly for Appellant.

Lillie & Bryant and George M. Bryant for Respondent.

HERNDON, J.—Plaintiff brought this action to recover damages for alleged breaches of an oral contract. The complaint alleges that on or about July 1, 1956, the parties

entered into an oral agreement by the terms of which defendant promised (1) to buy plaintiff's wood-processing equipment for the sum of $3,000 payable at the rate of $25 per week; and (2) to employ plaintiff at a wage of $125 per week "for a minimum period of time equal to the weekly payments by defendant on the purchase of plaintiff's equipment, or for a total period of time of one hundred twenty (120) weeks."

The complaint further alleges that the said oral contract was "confirmed" by defendant in a certain writing dated August 29, 1956, a copy of which was appended as an exhibit to the complaint and which is set out in full in the margin.[1] By its answer defendant denied that plaintiff was employed for any specific period of time and alleged, among other things, that plaintiff had failed and refused to deliver the equipment as agreed.

Plaintiff's evidence tended to establish that he had in fact delivered the equipment; that he had received a total of $1,625 on account of the purchase price, leaving a balance of $1,375 unpaid; and that plaintiff had been employed by defendant and had received his agreed wage of $125 per week from July, 1956, until July 11, 1957, when his services were terminated by defendant.

Over defendant's objection that the contract was within

---

[1] "August 29, 1956.

"Mr. Warren J. Spivey
All-Wood Products
8751 Remick Avenue
Sun Valley, California

"Dear Warren:

"As I have mentioned to you, we must publish a Legal Notice of Purchase of your equipment, and I have attached a copy of the equipment which is to be moved to 7400 Laurel Canyon Boulevard.

"This equipment is being purchased by Fabricated Steel Service, Inc. at the rate of $25.00 weekly until $3,000 has been paid.

"You are to be employed full time by Fabricated Steel Service, Inc. at the rate of $125.00 per week.

"Please sign the attached copy of this letter and return it to me, signifying your acceptance of the foregoing.

"Yours very truly,
FABRICATED STEEL SERVICE, INC.
Herbert Ziegler
Herbert Ziegler, President

HZ/tc
Encl.
CC:  Mr. Edwin M. Waite
Accepted:  All Wood Products
Signed:    Warren J. Spivey
           Warren J. Spivey"

the statute of frauds and that admission of the evidence would violate the parol evidence rule, the trial court received plaintiff's testimony to the effect that the parties had agreed that his employment was to continue ''for the duration of the time that they were purchasing the machinery.'' Since this ruling was in favor of the appealing party, we need not now decide its correctness. On the basis of this ruling, plaintiff introduced evidence tending to prove a loss of wages in the sum of $4,183.03.

By its findings of fact and conclusions of law, the trial court determined that plaintiff had fully performed insofar as the delivery of the equipment was concerned and that he was entitled to recover the unpaid balance of the purchase price in the sum of $1,375. No appeal has been taken from the portion of the judgment awarding this amount to plaintiff. The court determined, however, that plaintiff was not entitled to recover anything for loss of wages and it is from this portion of the judgment that plaintiff has appealed.

In the final analysis, therefore, the only issue before us is the sufficiency of the evidence to sustain the trial court's finding that defendant had not agreed to retain plaintiff in its employ for any fixed period of time. On this issue, the evidence was sharply conflicting. Defendant's officers, who negotiated the agreement with plaintiff, testified positively that there was no agreed term of employment. Thus, under the familiar rule, we have no power further to review this factual question.

We are unable to follow plaintiff's argument that the findings of fact and conclusions of law, construed in the light of the rules enunciated in *Mangini* v. *Wolfschmidt, Ltd.,* 165 Cal. App.2d 192 [331 P.2d 728], entitle him to judgment. The record reveals that during the trial plaintiff cited the *Mangini* decision to the trial court in support of his contention that parol evidence was admissible to prove his allegation that under the oral contract he had been employed for a specified period of time, to-wit, for a term of 120 weeks. In other words, he argued that notwithstanding the fact that the oral contract had been confirmed in writing, and notwithstanding the fact that this writing was not explicit as to the length or duration of the employment, it was competent for him to prove a hiring for a fixed and specified period.

Since, as plaintiff observes, his proffered evidence on this factual issue was actually received (as was defendant's contradictory evidence), the only logical conclusion is that the trial

118

court agreed with plaintiff's contention that this was a material and triable issue of fact. In the light of the entire record, the only reasonable construction of the findings is that plaintiff's employment was not for any fixed or specified term and hence was terminable at the will of either party.

■ Where parol proof is admitted for the purpose of assisting the court to ascertain the intention of the parties, and where conflicting inferences may be drawn, it is the constitutional function and duty of the trial court to determine the meaning of the parties and such finding is binding on the reviewing court. (*Estate of Guasti,* 117 Cal.App.2d 612, 617 [256 P.2d 629].) ■ The intent of the parties to an agreement becomes a legal question only when from the evidence but one tenable conclusion can be reached. (*Estate of Rule,* 25 Cal.2d 1, 11 [152 P.2d 1003, 155 A.L.R. 1319].) ■ Therefore, when the construction of an oral contract or of an uncertain written agreement is made with the aid of conflicting parol evidence, the conclusion of the trial court ordinarily will not be disturbed. (*McKee* v. *Lynch,* 40 Cal. App.2d 216, 226 [104 P.2d 675].)

Affirmed.

Fox, P. J., and Ashburn, J., concurred.